# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2446 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Nobles vs. Discover Financial Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment on the complaint [13-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFF W. NOBLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 02 C 2446 |
| ) | |
| DISCOVER FINANCIAL SERVICES, ) | Judge John W. Darrah |
| INC., ) | |
| ) | |
| Defendant. ) | |

DOCKETED
OCT 0 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeff W. Nobles ("Nobles"), filed suit against Defendant, Discover Financial Services, Inc. ("Discover"). Nobles alleges violations of Title VII of the Civil Rights Act of 1964. Presently before the Court is Discover's Motion for Summary Judgment on the Complaint. For the reasons that follow, Discover's Motion for Summary Judgment is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of

23

the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## **BACKGROUND**

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits, are as follows.

Nobles is a thirty-seven-year-old African-American male who resides in Cook County, Illinois. (Def.'s 56.1 ¶ 1.) Nobles, who avers that he suffers from dyslexia, dropped out of high school at the age of fifteen. (Pl.'s 56.1 ¶ 5.) Discover hired Nobles on or around April 30, 2000. (Pl's 56.1 ¶ 6.) After Nobles started working for Discover, he was harassed and mistreated by his co-workers. (Pl.'s 56.1 ¶¶ 10-16.) Instead of remedying the harassment, Discover reassigned

Nobles to another position with inconvenient work hours. (Pl.'s 56.1 ¶ 17.) Later on, Nobles was sexually harassed by another employee. (Pl.'s 56.1 ¶ 19.) Nobles met with his superiors, but these people did nothing to rectify the problems. (Pl.'s 56.1 ¶¶ 20-25.) In fact, Nobles was told that he was the problem and was thereafter suspended and placed on administrative leave. (Pl.'s 56.1 ¶¶ 26-30.)

Nobles and Discover then began discussing his future with the company. Discover gave Nobles two choices: (1) resign and accept a severance package; or (2) come back to work and face termination, without receiving severance, if any more problems occurred. (Pl.'s 56.1 ¶ 34.) Nobles decided that he would accept a severance package that would officially end his employment on May 31, 2002. (Def's 56.1 ¶ 7.) Nobles and Discover negotiated the amount of severance Nobles would receive. (Def's 56.1 ¶¶ 9-12; Pl's 56.1 ¶¶ 35-37.) The parties agreed on fifteen weeks of salary. (Def's 56.1 ¶ 13; Pl.'s 56.1 ¶ 38.)

On June 4, 2002, Nobles received Discover's separation agreement in the mail. (Def's 56.1 ¶ 13; Pl.'s 56.1 ¶ 39.) Included in this agreement was a five-page, single-spaced waiver of Nobles's claims against Discover. (Def's 56.1 ¶ 16; Def's Ex. 3.) This waiver and release stated, on the bottom of the first page, that:

> In exchange for providing [Nobles] with these enhanced benefits, [Nobles] agree[s] to waive all claims against [Discover], and to release and forever discharge [Discover] from any and all liability for any claims or damages of any kind, whether known or unknown to you, that you may have against [Discover] as of the date of your execution of this Agreement including, but not limited to, any claim . . . arising under Title VII of the Civil Rights Act of 1964, as amended . . . .

(Def's 56.1 ¶ 16; Def.'s Ex. 3.) The waiver also states, near the bottom of page four, that "[Nobles] acknowledge[s] that this agreement has been executed voluntarily by [Nobles].

3

Further, [Nobles] acknowledge[s] that [he has] a full understanding of the terms of this Agreement . . . ." (Def.'s Ex. 3.)

Nobles attempted to read the waiver but was not able to read through the whole release because it was long and used many terms that he did not understand. (Pl.'s 56.1 ¶ 40.) According to Nobles, he did not appreciate that the waiver purported to release any claims he could file under Title VII for harassment. (Pl.'s 56.1 ¶ 43.) Nobles never sought the assistance of counsel. (Pl.'s 56.1 ¶ 42.) Nobles was asked to promptly return the document; and he signed the waiver on June 11, 2002, after he possessed the agreement for one week. (Def.'s 56.1 ¶ 14.) Nobles received and retained the agreed upon severance package. (Def.'s 56.1 ¶ 17.) Nobles, however, filed a complaint with the Equal Employment Opportunity Commission; and then Nobles filed a complaint with this Court. (Def's 56.1 ¶¶ 18-20.)

## ANALYSIS

There is a material factual issue that Nobles knowingly and voluntarily signed the waiver releasing his rights to pursue any claims in the courts. "Employees may waive their federal [Title VII] rights in private settlements provided that their consent to a release is both knowing and voluntary." *Pierce v. Atchison, Topeka & Sante Fe Ry. Co.*, 65 F.3d 562, 570 (7th Cir. 1995).

The Seventh Circuit uses a multi-factor "totality of the circumstances" approach when analyzing the execution of a release. These factors include but are not limited to: (1) the employee's education and business experience, (2) the employee's input in negotiating the terms of the contract, (3) the clarity of the agreement, (4) the amount of time the employee had for deliberation before signing the release, (5) whether the employee actually read the release and considered its terms before signing it, (6) whether the employee was represented by counsel or

4

consulted with an attorney, (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law, and (8) whether the employee's release was induced by improper conduct on the defendant's part. *Pierce*, 65 F.3d at 571.

A high school education is usually deemed sufficient to weigh the first factor in the defendant's favor. *See, e.g., Rinaldi v. World Book, Inc.*, 85 Fair Empl. Prac. Cas. (BNA) 1238; No. 00 C 3573, 2001 U.S. Dist LEXIS 8420, at *16-17 (N.D. Ill. May 3, 2001) (Darrah, J.). Work experience and further education, such as attending junior college, bolster this determination. *See, e.g., Grant v. Potter*, No. 99 C 7464, 2002 U.S. Dist LEXIS 6200, at * 14-15 (N.D. Ill. April 10, 2002) (Darrah, J.) (finding that eighteen years' work experience and two years of junior college education weighed this factor in favor of the defendants).

Learning disabilities and mental illnesses can also impact the educational factor. In *Haswell v. Marshall Field & Co.*, 16 F. Supp. 2d 952, 959 (N.D. Ill. 1998), the plaintiff was found "not mentally capable of understanding the release or making a knowing and voluntary decision whether to accept or reject" the waiver by a neuropsychologist. In addition, the plaintiff was not able to read, fill out work applications, or understand complex issues. Based partly on this factor, the court concluded that the waiver was invalid. *But see Melanson v. Browning Ferris Indus., Inc.*, 281 F.3d 272, (1st Cir. 2002) (determining, based on the totality of the circumstances test, that plaintiff's waiver was voluntary and knowing because no competent medical evidence indicated that her mental conditions affected her capacity).

Here, it is undisputed that Nobles did not graduate high school; he dropped out at the age of fifteen. Nobles also alleges that he is dyslexic, although no affidavits from medical

5

professionals were produced to verify this allegation. Neither side has produced any other evidence concerning Nobles's work experience. Therefore, in light of the summary judgment standard, a material issue about Nobles's education and business experience exists, and this factors favors Nobles.

The second factor, the employee's input in negotiating the terms of the settlement, can indicate knowledge and voluntariness when employees actively negotiate portions of the severance package . *Maloney v. R.R. Donnelly & Sons Co.*, No. 97 C 8890, 1999 U.S. Dist. LEXIS 1120, at * 20 (N.D. Ill. Feb. 1, 1999) (stating that plaintiff's handwritten objections on the agreement shows an understanding of the waiver). Although Nobles negotiated the amount of severance he received, Nobles was not able to object or provide input on the specific waivers of the agreement. The negotiations may indicate Nobles had some awareness that he was losing rights for the severance package. However, for the purposes of this motion, the lack of negotiations over the specific terms of the agreement fairly support an inference that Nobles failed to appreciate the specific rights he was losing.

The third factor, the clarity of the agreement, also favors Nobles. The agreement is five pages long and single spaced. Although the waiver on the first page states that Nobles releases Discover from all liability for claims as of the agreement's execution date, this release is mixed in with many complex legal terms. These terms include Title VII, the American with Disabilities Act, and the Rehabilitation Act. In addition, the release is not bolded or set off in any other way to indicate that Nobles was giving up his right to seek redress in the Courts.

The fourth factor, the time Nobles had to deliberate before signing the release, favors Discover. Nobles does not dispute that he had at least one week to study the agreement.

Furthermore, no facts indicate Nobles was forced to return the agreement quickly. Nobles states that Discover wanted the agreement promptly returned, but one week does not seem unreasonably inadequate to decide whether to sign the release.

The fifth factor, whether the employee actually read the release before signing it, favors neither side. Nobles alleges that he attempted to read the agreement; but, because of its length and complexity, he could not fully read the waiver. Nobles, though, must have read some of the agreement, even if he did not read every word. In light of the summary judgment standard, however, the Court cannot reasonably infer whether Nobles read the key portions of the document; and this factor cannot be weighed against him.

Nobles never met with an attorney to discuss the release; thus, the sixth factor – an important one – clearly favors Nobles. The seventh factor, though, favors Discover. In a similar case, this Court found a settlement package of only two weeks favors the employer when weighing the excess benefits that the employee was already entitled to by contract or law. *Rinaldi*, 2001 U.S. Dist. LEXIS, at * 5. Here, Nobles received fifteen weeks of pay as part of his severance package. Nobles was not already entitled to these benefits by contract or law, even if he wanted to receive a larger settlement.

Finally, the eighth factor, whether the defendant used improper conduct to induce the release, favors Discover, as well. Nobles alleges that Discover would allow him to return to work but that he would be terminated if any further trouble ensued. The threat of future termination for future work problems cannot be considered improper; the employer must have the ability to properly terminate employees for creating problems.

A determination is not made by simply totaling factors. Instead, "totality of the circumstances" must be weighed. While three factors favor Discover, the remaining factors indicate Nobles failed to understand that he was signing a waiver of his claims. Nobles never sought an attorney; the agreement was complex and included many legal terms; Nobles lacked a high school education; and Nobles had little input in negotiating the specific terms of the waiver. There remains a factual question as to which party the "totality of the circumstances" favors. While a trial could produce a different result, for the purposes of resolving a motion for summary judgment, Nobles's waiver was not signed knowingly and voluntarily.

In light of this decision, it is unnecessary to resolve any other issues raised by the Defendant's motion.

## CONCLUSION

For the foregoing reasons, Discover's Motion for Summary Judgment on the Complaint is denied.

Dated: October 8, 2003

JOHN W. DARRAH
United States District Judge