# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2446 | **DATE** | 5/27/2004 |
| **CASE TITLE** | Jeff W. Nobles vs. Discover Financial Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 7/1/2004 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 28 2004 | |
| | Docketing to mail notices. | | 35 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF W. NOBLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 02 C 2446 |
| | ) | |
| DISCOVER FINANCIAL SERVICES, INC., | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 2 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeff Nobles, filed suit against Defendant, Discover Card Financial Services, Inc., alleging that Defendant discriminated against him in violation of Title VII. Specifically, Plaintiff alleges that he suffered racial discrimination, gender discrimination, and sexual harassment. Presently before the Court is Defendant's Motion to Dismiss Complaint. For the following reasons, Defendant's Motion to Dismiss Complaint is granted in part and denied in part.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9, not here applicable. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only

if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff is a black male who worked for Defendant. Defendant is a New York corporation that does business in the state of Illinois.

Plaintiff's Complaint states that Defendant violated Title VII by:

(a) Subjecting Jeff Nobles to different standards of review, specifically, requiring that he test higher than his non-black colleagues or females during performance reviews;
(b) Failing to promote Jeff Nobles to a position in which only females occupied because he is a black male;
(c) Creating a hostile work environment by sexually harassing Jeff Nobles;
(d) Terminating Jeff Nobles while not terminating similarly situated, less Qualified non-black colleagues or females.

Pl.'s Compl., ¶ 5. The effect of these practices "has been to deprive Jeff Nobles of equal employment opportunities and otherwise affecting his status as an employee, because of his race and gender." Pl.'s Compl., ¶ 6.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff checked the boxes for sex discrimination and retaliation. His charge also included a narrative which stated that:

2

I am a Stager and began my employment with [Defendant] on April 10, 2000. On March 15, 2001, I was sexually harassed by a co-worker. A few weeks later I complained about sex harassment to the Administrator. On May 31, 2001 I was placed on administrative leave and subsequently discharged.

I believe I was discriminated against and retaliated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

On December 18, 2001, Plaintiff received his "Dismissal and Notice of Rights" from the EEOC, otherwise known as a "right-to-sue letter." On April 4, 2002, Plaintiff filed his Complaint in this action.

## ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed for three reasons. First, Defendant asserts that Plaintiff's Complaint was filed more than ninety-days after he received his right-to-sue letter. In the alternative, Defendant contends that Plaintiff admitted he was not discharged and, thus, cannot establish an actionable constructive discharge claim. Defendant also argues that Plaintiff's claims for racial discrimination and gender discrimination were not properly asserted in Plaintiff's charge before the EEOC, and Plaintiff thus failed to exhaust his administrative remedies with respect to those claims.

In response, Plaintiff argues that Defendant has waived its right to assert affirmative defenses concerning Plaintiff's failures to comply with the ninety-day filing requirement and to exhaust his administrative remedies before the EEOC. Plaintiff claims that Defendant responded to the Complaint by filing a summary judgment motion, which made no mention of the statute of limitations or the failure to exhaust administrative remedies. Furthermore, Plaintiff contends that Defendant issued written discovery; but none of the discovery touched on these issues.

Federal Rule of Civil Procedure 8(c) requires that affirmative defenses, such as the statute of limitations or "any other matter constituting an avoidance or affirmative defense," be pled in a responsive pleading. Federal Rule of Civil Procedure 7 "clarifies that the use of the word 'pleading' in Rule 8 includes the answer, but not other motions." *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000) (*Perry*). Therefore, an affirmative defense is not waived simply because it is filed after a Rule 12(b)(6) motion. *Perry*, 207 F.3d at 383.

Here, Defendant filed a motion for summary judgment before it filed an answer. Motions for summary judgment may be filed "at any time." Fed. R. Civ. P. 56(b). Therefore, just like in *Perry*, Defendant did not waive its affirmative defenses by filing a motion for summary judgment.

Defendant next argues Plaintiff's Complaint is time-barred. A complaint which alleges Title VII violations is time-barred unless he files a complaint within ninety-days from the time he receives his right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). "[T]he time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Wilson v. N.E. Commuter R.R. Corp.*, 2003 U.S. Dist. LEXIS 21149, at *3 (N.D. Ill. Nov. 20, 2003) (*Wilson*). Typically, it is presumed that a mailing is received threedays after it is sent. Fed. R. Civ. P. 6(e); *Baldwin v. County Welcome Ctr.*, 466 U.S. 147, 148 n.1 (1984). However, other evidence must be presented demonstrating that the EEOC actually mailed the right-to-sue letter upon its issuance. *Wilson*, 2003 U.S. Dist. LEXIS 21149, at *4.

Here, Defendant argues that the right-to-sue letter was received by Plaintiff three days after it was issued, on December 21, 2001. Defendant relies upon an affidavit of a person who

4

reviewed the EEOC files and EEOC operating procedures in its attempt to prove this fact. Therefore, when Plaintiff received his right-to-sue letter is a question of fact not proper to resolve on a motion to dismiss.

Next, reading the Complaint liberally, Plaintiff alleges that he was constructively discharged because of the sexual harassment he endured. Defendant contends that in an affidavit for an earlier motion for summary judgment, Plaintiff admitted that he chose to accept a severance package and that, therefore, he was not discharged.

However, that affidavit is not proper to consider on a Rule 12(b)(6) motion to dismiss. Although Defendant's Motion to Dismiss Complaint could be converted to a motion for summary judgment – Fed. R. Civ. P. 12(b)(6); *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (*Marques*) – other facts may exist which show Plaintiff was unlawfully discharged. *See Henn v. Nat'l Geographic Soc'y*, 831 F.2d 824, 829-31 (7th Cir. 1987). Accordingly, Defendant's motion to dismiss with respect to his sexual harassment claim is denied on this basis.

Defendant further argues that Plaintiff failed to exhaust his administrative remedies with respect to his claims for gender discrimination. "A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." A two-part test is used to determine if the allegations fall within the scope of the charges in the EEOC complaint. First, the allegations must be like or reasonably related to those in the EEOC complaint. If those allegations are related, "the court asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996).

5

Generally, allegations of gender discrimination are not like or reasonably related to claims of sexual harassment or retaliatory discharge. *E.g., Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726-27 (7th Cir. 2003).

Plaintiff, though, argues that his EEOC charge, which states Plaintiff believed he was discriminated because he was a male, sufficiently satisfies the two-part test. The "like or reasonably related" standard should be applied liberally to serve the remedial purpose of Title VII. *See, e.g., Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167-68 (7th Cir. 1976) (*en banc*).

Here, the plain language of Plaintiff's EEOC charge states that Plaintiff believed he was discriminated against because of his gender, thus satisfying the like or reasonably related standard. Plaintiff also checked the box for sex discrimination on his EEOC charge. Moreover, reading these statements liberally and particularly in combination, Plaintiff sufficiently alleged in his EEOC charge that he suffered gender discrimination to enable the EEOC to develop Plaintiff's current claim for gender discrimination. Therefore, Plaintiff has properly exhausted his gender discrimination claim before the EEOC.

Lastly, Defendant contends that Plaintiff failed to exhaust his administrative remedies with respect to his claims for racial discrimination, as well. Allegations of racial discrimination are not "like or reasonably related" to gender discrimination, retaliation, or sexual harassment. *Crawford v. Bank of Am.*, 986 F. Supp. 506, 508-09 (N.D. Ill. 1997).

Here, Plaintiff's charge does not list racial discrimination; and nothing in Plaintiff's narrative of the underlying events mentions racial discrimination. Therefore, Defendant's motion to dismiss with respect to Plaintiff's racial discrimination claims is granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Complaint is granted in part and denied in part.

Dated: May 28, 2004

                                   _____
JOHN W. DARRAH
United States District Judge